1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICKEY VALCUE POLK,                    )
                                       )
                    Petitioner,        )        CASE NO. C05-2003-JCC-MJB
                                       )        (CR93-271-JCC; CR93-515-JCC)
        v.                             )
                                       )        REPORT AND RECOMMENDATION
UNITED STATES OF AMERICA,              )
                                       )
                    Respondent.        )
_____)

INTRODUCTION

Petitioner is a federal prisoner who is currently confined at the FCI Victorville in Adelanto, California. Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal court sentence. The government has filed a response, raising the statute of limitations as a bar to the Court's consideration of petitioner's motion. Because the government is correct in its argument, petitioner's motion should be dismissed as untimely.

PROCEDURAL HISTORY[1]

In 1993, petitioner pleaded guilty on two different indictments, one filed in the

_____

[1]The parties agree that the procedural history of this case is very confusing. (Dkt. #7 at 3, Govt's Response; Dkt. #10 at 1, Petitioner's Reply). Because this Court is recommending dismissal on a statute of limitations basis, only the history relevant to that issue is set out here.

REPORT AND RECOMMENDATION
Page 1

1   Western District of Washington (CR-93-271-JCC, Dkt. #35), and one transferred from

2   the Eastern District of California (CR-93-515-JCC; Dkt #3).  The indictments separately

3   charged petitioner with possession of cocaine base with intent to distribute in violation

4   of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  On October 29, 1993, petitioner was

5   sentenced to 262 months imprisonment in each of the two cases, those sentences to run

6   consecutively.  (CR-93-271-JCC, Dkt. # 40, 43; CR-93-515-JCC, Dkt. # 4).  Petitioner

7   did not file an appeal in either case.  On December 12, 2005, petitioner filed the instant

8   motion for relief under § 2255.  The government filed a timely response to petitioner's

9   motion on February 8, 2006, and, after receiving single extension of time,  petitioner

10  filed a reply.

11                                      DISCUSSION

12       Petitioner alleges in his § 2255 motion that his sentence was imposed in violation

13  of his rights under the Sixth, Fifth and Fourteenth Amendments because the indictment

14  failed to allege that he was a career offender.  Petitioner seeks re-sentencing pursuant to

15  *Blakely v. Washington*, 124 S.Ct. 2531 (2004)[2] and/or *United States v. Booker*, 125 S.Ct.

16  738 (2005).

17       In response, the government argues first that petitioner's motion is untimely and

18  therefore barred from review.  In addition, the government argues that petitioner's

19  motion must be dismissed because: a)  he has neither sought nor received permission

20  from the Ninth Circuit Court of Appeals to file a successive petition; b) he has failed to

21  show cause for his failure to raise his claims on direct appeal, and failed to establish

22  prejudice; and c) his motion violates the rules governing § 2255 proceedings because it

23  _____

24       [2]Although petitioner cites *Blakely*, that case applies only to the Washington state
    sentencing scheme, not the federal sentencing guidelines under which petitioner was sentenced.
25

    REPORT AND RECOMMENDATION
26  Page 2

1   is directed at two different judgments in one motion.  For the reasons set forth below, the

2   Court finds that the government's position on the timeliness question is correct, and the

3   Court therefore does not address the government's alternative arguments.

4        Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute

5   of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996

6   ("AEDPA").  This one-year statute of limitations begins to run from the latest of –

7        (1)  the date on which the judgment of conviction becomes final;

8        (2)  the date on which the impediment to making a motion created by
         governmental action in violation of the Constitution or laws of the United
9        States is removed, if the movant was prevented from making a motion by
         such governmental action;

10       (3) the date on which the right asserted was initially recognized by the
11       Supreme Court, if that right has been newly recognized by the Supreme
         Court and made retroactively applicable to cases on collateral review; or
12
         (4) the date on which the facts supporting the claim or claims presented
13       could have been discovered through the exercise of due diligence.

14   28 U.S.C. § 2255.

15       Petitioner does not dispute that he filed the instant § 2255 motion more than one

16   year after his convictions became final.  Rather, he relies upon subsection (3) of this

17   statute, which is effectively an exception to the general one-year limit set forth in

18   subsection (1).  This exception essentially has two conditions that must be satisfied

19   before it applies.  First, petitioner must show that he filed the § 2255 motion within one

20   year from the date that the Supreme Court announced any "newly recognized" rights that

21   are the basis of the motion.  Second, petitioner must show that the Supreme Court made

22   these rights "retroactively applicable to cases on collateral review."  28 U.S.C. §

23   2255(3).

24   //

25
     REPORT AND RECOMMENDATION
26   Page 3

1         It is undisputed that the Supreme Court decided *Booker* less than one year from

2   the date that petitioner filed the instant § 2255 case.  However, the Supreme Court has

3   been silent as to whether *Blakely* or *Booker* apply retroactively.  The Ninth Circuit – and

4   all other circuit courts that have considered the question – has held that neither *Blakely*

5   nor *Booker* apply retroactively to cases on collateral review.  *See Schardt v. Payne*, 414

6   F.3d 1025 (9th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005).  Thus,

7   petitioner fails to satisfy the second prong of the exception and his § 2255 motion is

8   therefore untimely.

9   CONCLUSION

10         For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate,

11   set aside, or correct his sentence is barred by the applicable statute of limitations and

12   should be dismissed.  A proposed order is attached to this Report and Recommendation.

13         DATED this 1st day of August, 2006.

14

15

16

17   _____

18   MONICA J. BENTON
    United States Magistrate Judge

19

20

21

22

23

24

25

26   REPORT AND RECOMMENDATION
    Page 4